IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-342-FL

| | | |
|---|---|---|
| CRAIG GIBSON and<br>BETH GIBSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | ORDER |
| AMERICA'S SERVICING<br>COMPANY, | )<br>)<br>) | |
| Defendant. | ) | |

This matter comes before the court on plaintiffs' motions for a temporary restraining order (DE # 4) and for a preliminary injunction (DE # 7). For the reasons that follow, plaintiffs' motion for a temporary restraining order is denied. However, the court sets hearing on plaintiff's motion for a preliminary injunction at the earliest practicable time. Plaintiffs have not given notice of the motion to the opposing party, and the court does not have benefit of argument from defendant. Service must be accomplished by plaintiffs in accordance with the rules sufficiently in advance of hearing in order, however, for the court to proceed at the time designated below.

From *pro se* plaintiffs' complaint filed August 23, 2010, it appears that plaintiffs are the borrowers and defendant the lender with respect to a refinancing loan agreement on plaintiffs' primary residence in Holly Springs, North Carolina. Plaintiffs allege that defendant induced plaintiffs to enter into a predatory loan agreement, defrauded plaintiffs, failed to make required notices, and charged plaintiffs excess fees, among other things. Plaintiffs seek an order enjoining defendant from engaging in the alleged fraudulent, deceptive, predatory and negligent lending acts.

Plaintiffs also seek to have the court quiet title to their residence, rescind the loan contract between plaintiffs and defendant, disgorge all amounts acquired by defendants pursuant to that contract, and award compensatory and punitive damages in excess of $4,000,000.00.

It appears from the complaint that plaintiffs' claims are premised on the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601 et seq., and North Carolina state law.

Contemporaneously with their complaint, plaintiffs filed two motions seeking injunctive relief. They ask the court to temporarily restrain a foreclosure sale set for August 30, 2010, arguing that they will suffer imminent and irreparable injury if the property is foreclosed upon. They ask the court to grant this relief without notice. Plaintiffs also move for a preliminary injunction, and request a hearing on their motion for a preliminary injunction at the earliest practicable time.

Rule 65 of the Federal Rules of Civil Procedure, which allows a court to enter preliminary injunctive relief prior to adjudication on the merits of the action, provides that:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). A temporary restraining order, particularly one granted without notice to the defendant, is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2d ed.); see also Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly

2

demand it."). "*Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, 415 U.S. 423, 439 (1974) (internal citations omitted).

Plaintiffs have submitted neither an affidavit nor a verified complaint clearly showing that immediate and irreparable harm or loss will occur before defendant can be heard in opposition, as required by Rule 65(b)(1)(A). Instead, they have submitted an unverified complaint which contains a number of legal conclusions but minimal factual information specific to defendant.

They also have submitted an unsworn motion and memorandum in support thereof which state that a foreclosure sale is scheduled for August 30, 2010. Where plaintiffs have failed to follow the strict requirements for obtaining a temporary restraining and have provided minimal and unverified factual support for the court's review, plaintiffs' motion for an *ex parte* temporary restraining order (DE # 4) is DENIED.

Although plaintiffs' motion for a temporary restraining order does not find favor with the court because it is unsupported by verified factual information, the court will set plaintiff's motion for preliminary injunction (DE # 7) at an early date. Accordingly, hearing on plaintiffs' motion for a preliminary injunction is hereby set for **2:00 p.m. on Friday, September 10, 2010, at the United States Courthouse Annex in Greenville, North Carolina.** Plaintiffs are DIRECTED to serve on defendants a copy of this order along with summons and complaint, and to notice through affidavit lodged on the docket in advance of hearing that this service has been accomplished also in accordance with the rules.

Plaintiffs are reminded that to prevail on a motion for a preliminary injunction, they "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374 (2008).

SO ORDERED, this the 24th day of August, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge