IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-342-FL

| | |
|---|---|
| CRAIG GIBSON and BETH GIBSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) ORDER |
| AMERICA'S SERVICING COMPANY, | ) ) ) |
| Defendant. | ) ) |

This matter comes before the court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 11) and plaintiffs' motion for sanctions (DE # 15). These matters have been briefed and the time within which to file further responses has passed. In this posture, the issues raised now are ripe for adjudication. For the reasons that follow, defendant's motion to dismiss is granted, plaintiff's motion for sanctions is denied, and all other pending motions are denied as moot.

## BACKGROUND

Plaintiffs filed complaint in this action on August 23, 2010. Although the precise contours of this *pro se* pleading are difficult to determine, plaintiffs appear to challenge a mortgage loan and the fees associated with it. The complaint generally alleges a number of predatory and unscrupulous lending practices by the mortgage industry as a whole. Plaintiffs invoke a number of causes of action in their complaint, including breach of fiduciary duty, negligence, fraud, breach of the implied

covenant of good faith and fair dealing, violation of the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1601 et seq., and intentional infliction of emotional distress. Also mentioned in passing are the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 et seq.

Contemporaneously with their complaint, plaintiffs filed a motion for temporary restraining order and motion for preliminary injunction. By order entered August 24, 2010, the court denied the motion for a temporary restraining order and set plaintiffs' motion for a preliminary injunction for hearing. On September 10, 2010, the court held the aforementioned hearing at which counsel for defendant was present. In light of the failure of plaintiffs to appear, the court denied the motion for a preliminary injunction. Also at hearing, the court allowed defendant's oral motion for an extension of time within which to answer the complaint.

On October 7, 2010, defendant moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Defendant contends that plaintiff has failed to allege sufficient facts necessary to state a plausible claim for relief. Specifically, defendant notes that plaintiff fails to identify with clarity information regarding the loan and the wrongful actions alleged to have been taken by defendant. Plaintiffs responded in opposition on October 22, 2010. In that response, plaintiffs also ask the court to impose sanctions on defendant, arguing that the motion to dismiss is frivolous and contains deliberate misstatements of law or fact.

## DISCUSSION

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

2

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).[1]

B. Analysis

Plaintiffs' complaint is replete with allegations regarding the purported wrongdoing of the mortgage industry generally, but is deficient in specific allegations implicating defendant's conduct with respect to the loans at issue here. In essence, plaintiffs allege a conspiracy involving the entire mortgage industry, stating that "the real culprit is the system itself, including the courts, for failure to strictly enforce the consumer protection laws." (Compl. 2.) Plaintiffs allude to two distinct mortgage loans, but fail to specify the date these loans were entered into, the amount of principal loaned, the name of the original lenders, or any other terms of the loans. Plaintiffs also fail to invoke any action undertaken by defendant with regard to either of the two loans beyond a vague conspiracy involving all sectors of the mortgage industry. (The complaint, on multiple occasions, references

---

[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted). However, there are limits as to how far the court may go in dealing with such filings, and however liberally construed, a *pro se* complaint must meet the plausibility requirement. See Giarrantano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009).

3

the actions of "defendants" or "all defendants," but as plaintiffs have named only one defendant the court presumes that these actions were taken by the alleged conspiracy.)

Liberally construing the complaint, it appears at first blush that plaintiffs are alleging that they were fraudulently induced to enter into a predatory loan agreement, that defendant failed to make proper notices and charged unlawful fees, and that defendant should be estopped from initiating collection procedures or foreclosing on plaintiffs' residence. This final argument appears premised on the allegedly separate disposition of the original mortgage note, as plaintiffs mention a number of times that the lender has no legal standing to bring a collection or foreclosure action against plaintiffs. Along these same lines, the court notes that plaintiffs ask for declaratory relief as to what party is the owner of the promissory note executed at the loan closing and injunctive relief quieting title in the subject property to plaintiffs.

In their response, plaintiffs attempt to further clarify the claims they were attempting to make in their original complaint. According to plaintiffs, defendant (1) charged false fees with respect to the loan and (2) colluded with the loan broker to collect a larger premium in exchange for the broker misrepresenting certain material facts regarding the mortgage loan. It therefore appears to the court that plaintiffs were attempting to seek relief only for the alleged excess fees and fraudulent inducement. However, the documents attached by plaintiffs to their response tend to show (as argued by defendant in its motion) that defendant is not the original lender but rather the servicer of the loan.[2] The rest of plaintiffs' response is dedicated to arguing that the statute of limitations should

---

[2] In addition to the pleadings themselves, the court may consider documents attached to the complaint, documents attached to the motions to dismiss which are both integral to the complaint and authentic, and matters of public record of which judicial notice may be taken. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The settlement documents, the copies of the notes and deeds of trust at issue, and the relevant TILA disclosure statements attached to plaintiffs' response are the kind of aforementioned intrinsic material that may be considered by the court. The court declines to consider other materials attached by the parties. See Fed. R. Civ. P. 12(d).

4

be tolled, an argument that also appears in their complaint. Defendant has not raised any statute of limitations defense.

Ultimately, even when liberally construed and in light of the further clarifications by plaintiffs, the complaint fails to state sufficient factual matter to state a claim to relief that is plausible on its face. Neither in their complaint nor in their response to the motion to dismiss have plaintiffs given specific facts that would support an inference that defendant is liable for any of the six enumerated causes of action, nor any latent cause of action not specifically raised by plaintiffs. Indeed, in their response plaintiffs appear only to contest the fees charged with respect to their mortgage loans, but the documents attached to that response demonstrate that defendant was not a party to the original loan and was not responsible for the fees.[3] And to the extent that defendant is alleged to be responsible because it conspired with the non-party lender, the allegations of conspiracy are conclusory and based wholly on plaintiffs' beliefs regarding industry-wide practices as opposed to any specific action taken by defendant or its alleged co-conspirators.

Plaintiffs ask the court to treat defendant's motion as one for a more definite statement under Rule 12(e), saying that they are prepared to respond to an order requiring more specificity in their complaint. Although the court has the inherent authority to convert defendant's Rule 12(b)(6) motion into one under Rule 12(e), see Hall v. Tyco Int'l Ltd., 223 F.R.D. 219, 257 (M.D.N.C. 2004), such conversion is generally within the court's discretion, cf. Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973) ("[R]equiring a limited expansion of a complaint . . . under Rule

---

[3] Moreover, according to their response, the basis for their claims is common law fraud. For example, plaintiffs contend that the original lender (not defendant) overpaid the loan originator and charged improper fees, thereby "committ[ing] common law fraud . . . ." (Pls.' Resp. Opp. Mot. to Dismiss 4.) To the extent fraud is the underlying basis for their claim, plaintiffs have utterly failed to plead it with particularity with respect to defendant, as required by Rule 9(b). See generally United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008); Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

5

12(e) . . . is a matter generally left to the district court's discretion."). Where plaintiffs had an opportunity to further explain their pleadings in response to defendant's motion to dismiss but have failed to do so in a way that suggests that further clarification will be beneficial, the court will decline to exercise its discretion.

In sum, the court has liberally construed plaintiffs' complaint in order to determine whether sufficient factual matter exists that states a claim to relief that is plausible on its face. That review indicates that the only specific facts alleged – and the core of plaintiffs' complaint – relate to certain fees charged with respect to two mortgage loans. The materials submitted by plaintiffs, which conform to the argument of defendant, indicate that defendant was not the original lender responsible for those fees, and plaintiffs' allegations fail to assert anything more than a merely conclusory conspiracy in an attempt to hold defendant responsible for those fees. As such, defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted. Because plaintiffs have failed to identify any sanctionable conduct, and indeed where defendant's motion to dismiss was not frivolous but rather meritorious, plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(6) (DE # 11) is GRANTED and plaintiffs' motion for sanctions (DE # 15) is DENIED. All pending motions are DENIED AS MOOT. The Clerk is directed to close this case.

SO ORDERED, this the 30th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge